# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:05CR9-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SHONIKA ECKLES, ) | |
|         Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on miscellaneous pro se letters and motions filed by Defendant Shonika Eckles. (Documents ##1349, 1361, 1365 and 1369)

On March 13, 2006, following a jury trial, Defendant was convicted of conspiracy to possess with intent to distribute quantities of cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), and two substantive offenses, namely, possession with intent to distribute quantities of crack cocaine and cocaine powder, in violation of 21 U.S.C. §841(a)(1). Defendant was sentenced to a total term of 262 months imprisonment. Judgment was entered on March 2, 2007. (Documents ##703, 704)

Defendant exercised her right to direct appeal, which resulted in her case being affirmed in part, vacated in part, and remanded on July 24, 2009 for resentencing pursuant to Kimbrough v. United States, 552 U.S. 85 (2007). (Document #1240 / COA #: 07-4244)

Defendant was resentenced on November 2, 2009. Judgment was amended to reflect a total sentence of 188 months imprisonment, with all other conditions remaining the same. (Document #1272) No appeal was taken.

## A. Motion For Transcripts At Government Expense

Defendant requests copies of certain documents and transcripts of certain hearings [*i.e.*, closing arguments made at trial in 2006; 2009 resentencing hearing] for the purpose of preparing a Motion to Vacate, Set Aside or Correct Sentence under Title 28, United States Code, Section 2255.

Transcripts are provided to indigent prisoners in proceedings brought under § 2255 ". . . if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. §753(f) (2011). Courts will not provide transcripts to indigent prisoners merely so that they may "comb the record in the hope of discovering some flaw." Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972).

A review of Petitioner's basis for requesting the transcript does not allow the Court to conclude that the request is not frivolous. Rather, the only suggested purpose for a §2255 petition is to allege generally that Counsel James Edward Quander, Jr. ("Quander") provided ineffective assistance either during trial or at resentencing.[1] (Document #1349). Significantly, Quander preserved the Kimbrough issue (*i.e.*, crack-to-powder cocaine sentencing disparity) that ultimately lead to her resentencing despite submission of an Anders brief on appeal. See Anders v. California, 386 U.S. 738 (1967). Likewise, Petitioner fails to explain what she hopes to accomplish by obtaining a transcript of the closing arguments at trial.[2] Consequently, Petitioner's request for transcripts will be denied at this time. If Petitioner has more specific issues she intends to present

---

[1] Quander, initially retained by Eckles for purposes of trial, did not represent Eckles on direct appeal following conviction. Attorney Richard A. Culler was designated appellate counsel. Quander, having earlier been converted to CJA Attorney status, was later appointed for resentencing.

[2] As noted, *supra*, Eckles' conviction was affirmed by the Fourth Circuit Court of Appeals.

in petition, she should bring them to the attention to the Court in her § 2255 motion. The Court will then decide if a transcript is necessary to decide the issues before it. See United States v. MacCollom, 426 U.S. 317 (1976).

**B. Motion For Extension Of Time To File Section 2255**

It is well established that the statute of limitations on proceedings brought under Title 28, United States Code, Section 2255 is one year from the date on which the judgment of conviction becomes final. See 28 U.S.C.§ 2255; United States v. Thomas, 627 F.3d 534, 535(4th Cir.2010) .

Here, following resentencing pursuant to Kimbrough, Amended Judgment was entered on November 9, 2009. (Document #1272) Defendant first inquired about a potential §2255 and transcripts for that purpose in July 2010, well before her one-year statute of limitations had expired. (Document #1349) Eckles, acting *pro se*, indicated in her first such letter request (addressed to the Court Reporter) that her deadline for filing a Rule 2255 motion was November 1, 2010.

On October 27, 2010, Eckles submitted a second request for transcripts in the form of a traditional motion. (Document #1361) The October 2010 filing expressly moved for a continuance of the one-year statute of limitations governing the filing of a motion 28 U.S.C. §2255. Defendant's most recent motion was filed March 7, 2011.[3] (Document #1369) Defendant's March 2011 filing also expressly requests a continuance of the one-year statute of limitations for seeking relief under §2255.

---

[3] In her latest motion, Defendant plainly states:

"The reason Defendant Eckles requests extra time is because today's date is February 28, 2011. Defendant Eckles has not yet received a ruling as to whether or not she will be granted her request for the record of her sentencing hearing and closing arguments of trial."

The Court hereby construes Defendant's previous filings – all received by the Court in advance of expiration of the one-year limitations period (November 9, 2010) – as a Motion to Vacate, Set Aside or Correct Sentence. Thus, Defendant Eckles' Section 2255 Motion is deemed <u>timely</u>. Defendant Eckles will have **through Friday, July 1, 2011** to supplement her motion and articulate the specific bases for the instant collateral attack of her sentence. At that time, the Court will review her request for production of transcripts at government expense.

### C. Motion Pursuant To 18 U.S.C. §3582

In June 2008, prior to her resentencing, Defendant, acting pro se, sought retroactive relief pursuant to 18 U.S.C. §3582 and Amendment 706 of the United States Guidelines. (Document #987) The §3582 motion was outstanding for a period of time awaiting a Government response. In light of Defendant's resentencing pursuant to <u>Kimbrough</u>, the §3582 Motion is rendered <u>moot</u> and will be denied as such.[4]

### D. Order

**IT IS, THEREFORE, ORDERED THAT:**

1) Defendant's documents mailed, received, or filed on or before November 2010 are collectively construed as a Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255;

2) Defendant will have **through Friday, July 1, 2011** to supplement her motion and articulate the specific legal bases for her §2255 and the Deputy Clerk shall open a new civil

---

[4] Relief pursuant to Amendment 706 would have only permitted a two-level reduction from Base Offense Level 38 to Base Offense Level 36 for a total sentence of 210 months as opposed to the original 262 months. Defendant received a lower sentence than that upon remand consistent with <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), 18 U.S.C. §3553(a) and <u>Kimbrough</u>.

action on behalf of Petitioner Eckles for this purpose;

3) Defendant's Motion for Transcripts at Government Expense is hereby **DENIED** without prejudice; and

4) Defendant's Motion for Relief pursuant to 18 U.S.C. §3582(c)(2) is **denied as moot**.

Signed: May 10, 2011

Richard L. Voorhees
United States District Judge